*936 OPINION.
Arundell:
We are satisfied that the amounts advanced by petitioner to the Silver Star Mining Co. wore loans to that company and not further investments made by him as a stockholder. His stock ownership therein constituted less than one-tenth of one per cent of the outstanding stock. Being so convinced, it is not our province to inquire into the wisdom of the loan; it is only necessary for the petitioner to establish the fact that the amounts advanced were ascertained to be worthless and charged off within the taxable year. At the close of 1921 the corporation had no assets other than its mining claims, which were unpatcnted and held only by right of *937 location. In October, 1921, a mining geologist rendered a report giving it as his opinion, after an examination, that the corporation’s mining claims could not be developed profitably. The petitioner testified that in the face of that report it would be impossible to raise money for the further development of the claims. Money spent to secure a judgment against the company under such circumstances would have been a useless expenditure. We feel satisfied that the petitioner has established the worthlessness of the debt in 1921, and it follows that he should be permitted to charge it off. The fact that he had hopes that some day something might turn up whereby he might recover the money is not sufficient to prevent the charging off of a debt which in fact was worthless in the taxable year. The amounts sought to be charged off in 1922 represented in part obligations incurred in the previous year, and the balance was to cover the assessment work necessary to hold the mining claims. As stated by petitioner, perhaps he was "sending good money after bad,” but we do not believe the deduction is to be denied because the taxpayer may not have exercised good business judgment. The amounts advanced in 1922 are proper deductions for that year. See Appeal of Midland Coal Co., 1 B. T. A. 311.
The evidence is clear that the petitioner received a salary of $12,000 from the Coast Tire & Bubber Co. for the year 1922. He accordingly erred in reporting only $11,000 of that amount. The question for decision is whether the amount of $1,000 turned over to Pankratz is an allowable deduction from the petitioner’s income. Testimony was offered to the effect that the $1,000 was paid in accordance with an understanding between the two that Pankratz was to share equally with the petitioner in any profits that might be realized from the venture of organizing and promoting the Coast Tire & Bubber Co. The two men had been friends for a number of years and -associated in business together before coming to California, and we believe these facts were the impelling motive that prompted the agreement for a division of the taxpayer’s income with Pankratz. Under such circumstances, we can not regard the amount claimed as an ordinary and necessary business expense.
The petitioner claims as a deduction for 1921 the amount of $12 which he spent for extra copies of a magazine containing an article on the administration of the Ford plant, which he distributed to employees of the Coast Tire & Bubber Co., of which he was an officer. We regard the expenditure as purely personal and not as an allowable business expense.

Judgment will be entered on 15 days' notice, wader Rule 50.